FILED
February 12, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: ___DT___
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § § § § § § | Case No: EP:25-CR-00268-DCG |
| Plaintiff, | | **I N D I C T M E N T** |
| v. | | **CT 1:** 18 U.S.C. § 371 and § 641– Conspiracy to Commit Theft of Government Property; |
| (1) JATAVIS LENARD FUSE, (2) JOSEPH LAVAR DAVIS, (3) TYRONE LAMAR ODUM TURNER, and (4) JOHN BROBERG, | | **CT 2:** 18 U.S.C. § 641 – Theft of Government Property. |
| Defendants. | | *Notice of Government's Demand for Forfeiture* |

THE GRAND JURY CHARGES:

## COUNT ONE
## CONSPIRACY TO COMMIT THEFT OF GOVERNMENT PROPERTY

### INTRODUCTION

AT TIMES RELEVANT TO THIS INDICTMENT:

1. Fort Bliss is a United States Army installation located in the Western District of Texas and the District of New Mexico. Fort Bliss routinely uses Meals Ready to Eat (MREs) to feed Servicemembers who are mobilized and/or who are conducting training at Fort Bliss in Texas and New Mexico.

2. Fort Bliss MREs are property of the United States Government.

3. Servicemembers assigned to Fort Bliss for short-term training and/or mobilization are assigned to the Fort Bliss Mobilization Brigade.

4. The First Armored Division is a Tank Division and is not part of the Fort Bliss Mobilization Brigade.

5. Servicemembers, federal employees, and contractors assigned to the First Armored Division at Fort Bliss, are correspondingly not assigned to the Fort Bliss Mobilization Brigade.

6. Units assigned to the Fort Bliss Mobilization Brigade that wish to obtain MREs make requests for MREs through the Fort Bliss Mobilization Brigade.

7. MREs are stored in boxes in pallets. There are 576 MREs per pallet (12 MREs per box and 48 boxes per pallet).

8. The Fort Bliss Mobilization Brigade unit requesting MREs sends a Unit Representative to the Fort Bliss Mobilization Brigade supply office, to sign for and pick-up the requested MREs. Unit Representatives picking up the MREs are Army Servicemembers, Army federal employees, or contractors.

9. Servicemembers, federal employees, and contractors assigned to the First Armored Division at Fort Bliss do not request or obtain MREs through the Fort Bliss Mobilization Brigade.

10. The procedure for lawfully obtaining MREs was in place on or before August 12, 2020.

11. Applications Signal and WhatsApp are social messaging applications used to send instant messages, or "IMs," between users via their mobile devices. The applications also allow users to send text messages and voice messages.

12. Cash App is a mobile payment service that allows users to transfer money to one another using a mobile phone application.

13. Defendant **(1) JATAVIS LENARD FUSE** worked at Fort Bliss and was assigned to the First Armored Division from July 11, 2014, through August 12, 2020.

14. Defendant **(2) JOSEPH LAVAR DAVIS** had discharged from the Army active duty and was a civilian contractor on August 12, 2020.

15. Defendant **(3) TYRONE LAMAR ODUM TURNER** was former military on August 12, 2020.

2

16. Defendant **(4) JOHN BROBERG** owned and operated a company in El Paso on August 12, 2020.

## THE CONSPIRACY AND ITS OBJECTS

From on or about February 24, 2020, and continuing until on or about August 12, 2020, in the Western District of Texas, the Western District of Oklahoma, and elsewhere, Defendants,

**(1) JATAVIS LENARD FUSE,
(2) JOSEPH LAVAR DAVIS,
(3) TYRONE LAMAR ODUM TURNER, and
(4) JOHN BROBERG,**

knowingly and willfully conspired and agreed together, with each other and persons known and unknown to the Grand Jury, to steal, purloin, convert to their own use and the use of another, and without authority, sell, convey, and dispose of goods and property of the United States Department of Defense, to wit: MREs (Meals Ready to Eat), with a value exceeding $1,000, in violation of Title 18 United States Code, Sections 371 and 641.

## MANNER AND MEANS OF THE CONSPIRACY

1. As part of the conspiracy, the defendants agreed to remove and take from Fort Bliss quantities of MREs and to convert this United States property for their own use.

2. It was further a part of the conspiracy that the defendants submitted fraudulent MRE requests in the form of a memo, as though they were legitimate military requests for MREs, when defendants knew that the MRE requests were fabricated.

3. It was further a part of the conspiracy that the defendants would transport the MREs to a warehouse in El Paso, Texas, where they would sell the MREs to another defendant.

4. The defendants kept the money they received from the MRE sales for their own personal gain.

## OVERT ACTS

In furtherance of the conspiracy and to affect the objects of the conspiracy, the following overt acts, among others, were committed in the Western District of Texas, the Western District of Oklahoma, and elsewhere:

1) On or about March 24, 2020, **(1) JATAVIS LENARD FUSE** rented and is listed as the driver of a Penske truck. There was a pick-up of 10 MRE pallets from Ft. Bliss on that same date.

2) On or about March 25, 2020, Chase bank records indicate that **(4) JOHN BROBERG** made two payments to **(1) JATAVIS LENARD FUSE** for $9,018.21 and $3,032.87.

3) On or about March 25, 2020, **(1) JATAVIS LENARD FUSE** paid, or attempted to pay, **(2) JOSEPH LAVAR DAVIS** $2,000 via Cash App.

4) On or about March 26, 2020, Navy Federal Credit Union records indicate the account designated by **(3) TYRONE LAMAR ODUM TURNER** received $1,333 from **(2) JOSEPH LAVAR DAVIS**.

5) On or about August 4, 2020, **(2) JOSEPH LAVAR DAVIS** rented, and **(1) JATAVIS LENARD FUSE** is listed as the driver of, a Penske truck. There was a pick-up of 18 MRE pallets from Ft. Bliss on that same date.

6) On or about August 4, 2020, **(3) TYRONE LAMAR ODUM TURNER** communicated with one of **(4) JOHN BROBERG's** warehouse workers that there were 18 pallets on the way.

7) On or about August 4, 2020, Chase bank records indicate that **(4) JOHN BROBERG** paid **(1) JATAVIS LENARD FUSE** $14,121.33.

8) On or about August 4, 2020, Chase bank records indicate that **(4) JOHN BROBERG** paid into an account designated by **(3) TYRONE LAMAR ODUM TURNER** $18,175.83.

4

9) On or about August 4, 2020, Navy Federal Credit Union records indicate the account designated by **(3) TYRONE LAMAR ODUM TURNER** received $5,000 from **(2) JOSEPH LAVAR DAVIS.**

10) On or about August 4, 2020, Navy Federal Credit Union records indicate the account designated by **(3) TYRONE LAMAR ODUM TURNER** transferred $4,088 to **(2) JOSEPH LAVAR DAVIS.**

11) On or about August 4, 2020, Navy Federal Credit Union records indicate the account designated by **(3) TYRONE LAMAR ODUM TURNER** transferred $5,000 to **(2) JOSEPH LAVAR DAVIS.**

## COUNT TWO
## THEFT OF GOVERNMENT PROPERTY

From on or about February 24, 2020, and continuing thereafter until on or about August 12, 2020, in the Western District of Texas, the Western District of Oklahoma, and elsewhere, Defendants,

**(1) JATAVIS LENARD FUSE,**
**(2) JOSEPH LAVAR DAVIS,**
**(3) TYRONE LAMAR ODUM TURNER, and**
**(4) JOHN BROBERG,**

did knowingly steal, purloin, convert to their own use and the use of another, and without authority, sell, convey, and dispose of goods and property of the United States Department of Defense, a department or agency of the United States, to-wit: MREs (Military Ready to Eat – Meals), and the value of such property in the aggregate exceeded $1,000, in violation of Title 18 United States Code, Section 641.

# NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[See Fed. R. Crim. 32.2]

## I.
### Conspiracy to Commit Theft of Government Property Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 and 641, and 641 subject to forfeiture pursuant to Title 18 U.S.C § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth above, the United States gives notice to Defendants **(1) JATAVIS LENARD FUSE, (2) JOSEPH LAVAR DAVIS, (3) TYRONE LAMAR ODUM TURNER,** and **(4) JOHN BROBERG** of its intent to seek the forfeiture of certain property upon conviction and pursuant to Fed. R. Crim. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(C), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which states:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

Title 18 U.S.C. § 641 Theft of Government Property is an offense constituting "specified unlawful activity" as defined in Title 18 U.S.C. § 1956(c)(7).

The Notice of Demand of Forfeiture includes but is not limited to the money judgment described in Paragraph II.

## II.
### Money Judgment

A sum of money that represents the amount of proceeds obtained, directly or indirectly, property involved in such offense, or traceable to such property as a result of the violations set forth above which Defendants **(1) JATAVIS LENARD FUSE, (2) JOSEPH LAVAR DAVIS, (3) TYRONE LAMAR ODUM TURNER,** and **(4) JOHN BROBERG** are individually liable.

**Substitute Assets**

If any forfeitable property, as a result of any act or omission of the Defendants:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with, a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture, pursuant to Title 21 U.S.C. § 853(p), as incorporated by Title 28 U.S.C. § 2461(c), of any other property of said Defendants up to the value of the forfeitable property.

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
       Assistant U.S. Attorney